[*15]    *SARAH M. WEEKS agt. HENRY P. WANMAKER, public Administrator of Michael Fogarth, deceased.

A judgment for costs cannot be regularly entered against an administrator, or the public administrator of the city of New-York, without first making application to this court, for an order for costs.

*December Term,* 1845.

MOTION by defendant to set aside judgment for irregularity.

This was an appeal from the decision of the circuit judge of the first circuit. The suit was commenced in the New-York common pleas, and removed to this court by certiorari; referred to referees, who made a report, which report was set aside by a rule of this court, dated February 13, 1845, costs

to abide the event. The referees on a rehearing made another report in favor of the plaintiff on the 19th of July last, for $2,100. On the 22d July, defendant's attorney obtained an order staying proceedings, twenty days, for defendant to pre-pare to move to set aside the report of the referees; the order was granted by D. P. INGRAHAM, associate judge of the New-York common pleas, in the absence of the circuit judge; on the same day served on plaintiff's attorney a copy of the order and affidavit upon which it was granted. On the 21st of July, plaintiff's attorney filed the report of the referees and entered rule for judgment thereon; and on the 2d of August follow-ing filed and entered up judgment for $2,100 damages, and $459.53 costs, against the defendant as administrator. It was insisted by defendant's counsel that the judgment was irregu-larly entered, for the reason that it was in violation of the order to stay, and also that the plaintiff had never procured any certificate from the referees by which she would be en-titled to make application to this court for costs against the defendant as administrator, pursuant to the statutes, and that no such application had ever been made.

On the part of plaintiff it was insisted : first, that the order of the judge of the common pleas was a mere nullity, and sec-ond, that this court and the parties also by consent had made the costs abide the event, so that no special application was necessary, but that if a special application was necessary, the matter was properly before the circuit judge. (6 *Hill,* 389.) And he denied the motion to set aside the judgment upon the grounds mentioned.

> M. T. REYNOLDS, *defendant's counsel.*
> JOHN B. HASKIN, *defendant's attorney.*
> E. C. GRAY, *plaintiff's counsel and attorney.*

JEWETT, Justice. The motion to set aside the judgment on the ground of irregularity is granted. The irregularity con-sists in entering judgment for costs against an admin-istrator, without having applied to this court *and ob- [*16] tained an order for costs. The question of costs in the

cause is not considered on this motion, it is not within the case in 6 *Hill*, 386. The defendant does not consent that that question should be considered.

*Decision.*—Judgment set aside with $10 costs, and further that defendant have fifteen days to prepare to move to set aside the report of referees, and that all proceedings be stayed until the case is settled.